UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DONNA G., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00456-DBH |
| | ) | |
| ANDREW M. SAUL, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant Saul, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the November 28, 2017, decision of the

Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, right knee osteoarthritis, obesity, anxiety and depression. (R. 17.) The ALJ further found that as the result of the impairments, Plaintiff has a residual functional capacity (RFC) to perform sedentary work, except that the workplace must not have temperature extremes of hot and cold and concentrated exposure to humidity, must be within a low stress work environment (defined as a job with few changes and few production pace demands on the Plaintiff), and with the expectation that Plaintiff can be off task up to ten percent of each workday, in addition to normal breaks. (R. 20.) Given this RFC and relying in part on the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform past relevant work as a receptionist and billing clerk and, consequently, is not disabled for purposes of the Social Security Act. (R. 26.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*,

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred in assessing Plaintiff's mental RFC because the ALJ rejected the only relevant medical opinion of record and thus impermissibly interpreted raw medical data. Plaintiff also argues the ALJ erred when she determined that Plaintiff could perform her past relevant work.

Plaintiff applied for disability benefits on June 4, 2015. Plaintiff did not allege any mental impairments at the time she applied for benefits.[2] (R. 297.) Plaintiff began counseling with Thomas Knox, Ph.D., in March 2016; in December 2016, Dr. Knox completed an assessment of Plaintiff's mental limitations.

In his assessment, Dr. Knox found that Plaintiff had marked limitations in dealing with work stresses, maintaining attention/concentration, performing at a consistent pace without an unreasonable number and length of rest periods, and completing a normal workday or workweek without interruptions from psychological symptoms. (R. 610.) He

---

[2] During the reconsideration stage, although Plaintiff reported that she was experiencing emotional problems (R. 138), she advised that she was not receiving mental health treatment or taking any related medication. (R. 142.) Neither state agency psychologists nor any of the medical consultants therefore reviewed her later claim of mental impairments.

found only mild to moderate limitations in other areas of functioning. (*Id.*) He further determined that Plaintiff could understand, remember, and carry out tasks "only in the security/familiarity of her home," and "not in a normal workplace setting" or on a sustained basis. (R. 611.) He also identified moderate to marked limitations in relating predictably in social situations and in demonstrating reliability. (R. 612.) He attributed the limitations to anxiety and depression (manifested by "anxiety attacks with dissociative experiences" and crying episodes), which allegedly caused Plaintiff to "blank out" at times and to have difficulty with concentration and focus. (R. 611.)

The ALJ discounted much of Dr. Knox's assessment.[3] The ALJ found that while Dr. Knox's assessment of mild limitations in most areas of functioning (including following work rules, interacting with co-workers and supervisors, using judgment, and functioning independently) was consistent with the record, she maintained Dr. Knox's assessment of marked limitations in other areas was neither supported by, nor consistent with, the record. (*Id.*) She noted the record lacked evidence of formal psychological testing or any referral for such testing; lacked evidence of a hospitalization, a partial hospitalization, a crisis care visit, or an emergency room visit for exacerbation of symptoms; lacked objective or clinically determinable evidence of "blackouts" or "dissociative" states; and included evidence of Plaintiff's activities of daily living, which suggested a greater functioning level. (*Id.*)

---

[3] The weight the ALJ gave to Dr. Knox's opinion is somewhat uncertain. The ALJ afforded the opinion "some weight" in the outset of her analysis of his assessment, but later in the same paragraph noted that she gave it "little weight." (R. 25.)

4

In general, an ALJ may not substitute her judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16. Moreover, a "treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and … not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Gilson v. Colvin*, No. 1:12-cv-376-GZS, 2013 WL 5674359, at *2 (D. Me., Oct. 17, 2013) (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). The question of a claimant's RFC is, however, "among the issues reserved to the commissioner, with respect to which even the opinion of a treating source is entitled to no 'special significance' and cannot be assigned controlling weight." *Gilson* at *2 (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).

While the ALJ was not required to consider a treating physician's opinion controlling, *see Bowker v. Comm'r, Soc. Sec. Admin.*, No. 2:13-cv-122-DBH, 2014 WL 220733, *3 (Jan. 21, 2014) (fact that some of treating physician's opinions were inconsistent with other medical evidence in the record "deprives them of controlling weight"),[4] Dr. Knox is the only expert to opine on Plaintiff's mental impairments. As the First Circuit explained, "the ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'"

---

[4] *See also Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *3 (D. Me. Jan. 29, 2014) (ALJ provided sufficient reasons to reject treating physician's conclusions in favor of state agency reviewing physician's).

5

*Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [she] does not overstep the bounds of a lay person's competence and render a medical judgment.").

Defendant argues that this "common-sense judgment exception" should apply, relying in part on this Court's decision in *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961 (D. Me. Apr. 25, 2014). In *Bowden*, the parties agreed that the record did not include a medical opinion to support the limitations the ALJ related to the plaintiff's COPD. *Bowden*, 2014 WL 1664961 at *4. After noting that an ALJ "may assess an RFC without relying on a medical opinion where the medical evidence 'shows relatively little physical impairment,' …so long as he or she does not render a medical judgment that is beyond the bounds of a lay person's competence," *id.* at *3 (quoting *Manso-Pizzaro*, 76 F.3d at 17), the Court determined that remand was not warranted because the medical evidence of COPD demonstrated the condition was minimal and thus the ALJ could rely on the plaintiff's own statements regarding the limitation, and because the RFC was more favorable to the plaintiff than the evidence would otherwise support. *Id*. at *4.

Here, the evidence of Plaintiff's mental health condition and the limitations the condition imposes cannot be fairly characterized as minimal, and while the assessment of certain physical limitations might be within a lay person's competence, a person's mental limitations often are not apparent. The limitations attributable to Plaintiff's anxiety and depression cannot reasonably be characterized as within a lay person's expertise.

6

Furthermore, unlike in *Bowden*, given that the ALJ discounted Dr. Knox's finding of marked limitations in certain areas, the ALJ's RFC assessment is not more favorable to Plaintiff than the evidence would support. Defendant's argument, therefore, for the application of the "common-sense judgment exception" is unpersuasive.

This Court's decision in *Bernier v. Colvin*, No. 1:14-CV-29-JHR, 2015 WL 46062 (D. Me. Jan. 2, 2015), where the ALJ determined that the plaintiff had the severe impairments of depression, anxiety disorder, ADHD, and avoidant personality disorder, but concluded the plaintiff could perform his past relevant work, is more pertinent. *Bernier* at *1. In assessing the plaintiff's RFC, the ALJ rejected the expert opinions of two agency nonexamining consultants and the plaintiff's treating psychologist. *Id*. at *2. Concluding the RFC was not supported by substantial evidence, the Court found that the ALJ had

> overstepped the boundaries of his competence as a layperson in delineating the plaintiff's capabilities in the area of concentration, persistence, and pace. Even granting that the plaintiff's ability to read, watch television, learn Japanese, and work on an electronics project suggests some capacity to concentrate and persist, it does not suggest, as a matter of commonsense judgment, that he retained the ability on a full-time basis to handle routine tasks/semiskilled work, occasional decision-making, and occasional workplace changes.

*Id*. at *4.

In this case, Dr. Knox determined that Plaintiff had marked limitations in maintaining attention/concentration and in performing at a consistent pace. (R. 610.) The ALJ discounted the finding and instead relied on her observation that "the objective evidence of significant mental health deficits is de minimis," noting Plaintiff's self-reported activities of caring for her disabled spouse and the family pets, taking care of most

7

household chores, driving, knitting, crocheting, playing the piano, weekly Bible study, and occasionally having company over. (R. 23.) As in *Bernier*, however, the limitations found by Dr. Knox are not of the type that the ALJ, "as a matter of commonsense judgment," could discount without at least some supporting expert opinion. Remand, therefore, is warranted.[5]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.[6]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of June, 2019.

---

[5] Defendant also argued that a second exception to the *Nguyen/Manso-Pizarro* rule applies – that "even if an ALJ has impermissibly interpreted raw medical evidence, the plaintiff retains the burden of showing prejudice, and 'may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support.'" (Defendant's Opposition at 6, ECF No. 15) (quoting *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015). As discussed above, the record does not establish that the RFC was more favorable than the record would support. Accordingly, Defendant's argument that Plaintiff has not demonstrated any prejudice and thus remand is not warranted is unavailing.

[6] Because I have determined that remand is warranted, I have not addressed Plaintiff's argument that the ALJ erred when she determined that Plaintiff could perform her past relevant work.